**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4762**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALEX BAXTER ODOM, JR., a/k/a Turbo,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00053-CCE-11)

Submitted: September 20, 2016     Decided: November 7, 2016

Before MOTZ and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex Baxter Odom, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Odom to 41 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Odom's counsel has filed a brief certifying there are no meritorious grounds for appeal but generally questioning the adequacy of the plea hearing and the reasonableness of the sentence. Although notified of his right to do so, Odom has failed to file a pro se brief. We affirm the district court's judgment.

Because Odom did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and

2

"that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Our review of the record confirms that the district court fully complied with Rule 11.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Odom's sentence is procedurally sound. While Odom argued for a below-Guidelines sentence and suggested a probationary sentence might be appropriate, we conclude that his arguments in support fail

3

to overcome the presumption of reasonableness accorded his below-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Odom, in writing, of the right to petition the Supreme Court of the United States for further review. If Odom requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Odom.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4